UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00300-RJC

| JESSE SMITH, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| NANCY A. BERRYHILL,<br>Acting Commissioner of<br>Social Security Administration, | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 12), and Memorandum in Support, (Doc. No. 13), and Defendant's Motion for Summary Judgment, (Doc. No. 14), and Memorandum in Support, (Doc. No. 15).

I. BACKGROUND

A. Procedural Background

Jesse Smith ("Plaintiff") seeks judicial review of Defendant's denial of his social security claim. (Doc. No. 1). On or about December 22, 2013, Plaintiff filed an application for Title II and Title XVI benefits, alleging an inability to work due to disabling conditions beginning on September 1, 2009. (Doc. Nos. 10 to 11-1: Administrative Record ("Tr.") at 221, 228). Plaintiff's application was denied initially and upon reconsideration. (Tr. 120, 132, 145, 153).

On April 25, 2016, Plaintiff appeared and testified at a hearing before an

Administrative Law Judge ("ALJ"). (Tr. 13–39). The ALJ issued a decision on June 14, 2016, denying Plaintiff's claim. (Tr. 1026–47). Plaintiff filed a request for review of the ALJ's decision on or about July 27, 2016, (Tr. 5), which was denied by the Appeals Council on April 10, 2017, (Tr. at 1020–23). Therefore, ALJ's 2016 decision became the final decision of the Commissioner.

B. Factual Background

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes[1] from September 1, 2009 through the date of the ALJ's decision, June 14, 2016. (Tr. 1029). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The ALJ concluded that Plaintiff was not under a disability during the relevant time period. (Tr. 1043).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a) (2012). The five steps are:

(1) whether claimant is engaged in substantial gainful activity—if yes, not disabled;
(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509—if no, not disabled;

---

[1] Under the Social Security Act, 42 U.S.C. §§ 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1 and meets the duration requirement—if yes, disabled;
> (4) whether claimant has the residual functional capacity ("RFC") to perform his or her past relevant work—if yes, not disabled; and
> (5) whether, considering claimant's RFC, age, education, and work experience, he or she can make an adjustment to other work—if yes, not disabled.

See 20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 1042–43).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since September 1, 2009, the alleged disability onset date. (Tr. 1031). At the second step, the ALJ found that Plaintiff had the following severe impairments: "obesity, diabetes mellitus, unspecified depressive disorder, post-traumatic stress disorder (PTSD), and hypertension." (Tr. 1031–32). At the third step, the ALJ determined that Plaintiff did not have an "impairment or combination of impairments that [met] or medically equal[ed] one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1." (Tr. 1032).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform "medium work" with the following limitations: "carry out simple tasks at a nonproduction pace that involve only occasional interaction with the general public and coworkers and that take place in a stable work environment with few changes." (Tr. 1034). In making his finding, the ALJ specifically stated that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (Id.). The ALJ further opined that she "considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and SSRs 96-2p, 96-5p, 96-6p and 06-3p." (Id. at 33).

3

At the fourth step, the ALJ found that Plaintiff could not perform his past relevant work. (Tr. 1041–42). Finally, at the fifth step, the ALJ determined that, after "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." (Tr. 1042). Therefore, the ALJ concluded that Plaintiff was not "disabled" from September 1, 2009, through June 14, 2016, the date of the decision. (Tr. 1043).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979). As the Social Security Act provides, if the Commissioner's findings as to any fact are supported by substantial evidence, they shall be conclusive. 42 U.S.C. § 405(g); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . ."). "Substantial evidence" has been defined as "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept

4

as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith, 795 F.2d at 345. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

### A. Plaintiff's VA Decision Does Not Warrant Remand

Plaintiff first argues the Appeals Council erred in not vacating the ALJ's decision in light of a February 2017 letter from the Department of Veterans Affairs ("VA"). (Doc. No. 13 at 5–8). This letter stated, "Service connection for major depressive disorder also claimed as anxiety and PTSD is granted with an evaluation of 70 percent effective April 28, 2011." (Tr. 319). Defendant, however, argues that Plaintiff failed to explain why this new evidence warrants remand. (Doc. No. 15 at 11).

Under 42 U.S.C. § 405(g), a district court may remand to the Commissioner for further proceedings when a party presents "new evidence which is material" and when "there is good cause for the failure to incorporate such evidence not the record in a prior proceeding." Furthermore, the Appeals Council is required to consider new

5

and material evidence when deciding if they will grant review of the ALJ's decision. Parham v. Comm'r of Soc. Sec., 627 Fed. Appx. 233 (4th Cir. 2015). "Evidence is new if it is not duplicative or cumulative and is material if there is a reasonable possibility that the new evidence would have changed the outcome." Meyer v. Astrue, 662 F.3d 700, 705 (4th Cir. 2011). New and material evidence "need not have existed during that period, but rather must be considered if it has any bearing upon whether the claimant was disabled during the relevant period of time." Outlaw v. Colvin, No. 5:11-CV-647-FL, 2013 WL 1309372, at * 2 (E.D.N.C. Mar. 28, 2013) (citing Wooldridge v. Bowen, 816 F.2d 157, 160 (4th Cir. 1987)).

VA decisions of unemployability deserve "substantial weight" from the ALJ absent an explanation to the contrary. Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 343 (4th Cir. 2012) ("Because the purpose and evaluation methodology of both programs are closely related, a disability rating by one of the two agencies is highly relevant to the disability determination of the other agency. Thus, we hold that, in making a disability determination, the SSA must give substantial weight to a VA disability rating."); see also Woods v. Berryhill, 888 F.3d 686, 692 (4th Cir. 2018) (extending this Bird to apply to NCDHHS disability decisions). It is therefore easy to conclude that the VA decision is material. The inquiry is whether this evidence is *new*. The Court finds that it is.

The ALJ's decision references Plaintiff's VA records multiple times, specifically noting "mild" findings of depression and PTSD. (Tr. 1039, 1040). The ALJ did not have access to all of Plaintiff's VA records, though. The Appeals Council included

6

Plaintiff's Salisbury VAMC records into the medical record. (Tr. 1023). These new records range from February 29, 2016, to September 7, 2016. (Id.). The records therefore related to the scope of the ALJ's inquiry from Plaintiff's onset date of September 1, 2009, to the date of her decision, June 14, 2016. The VA disability determination, unlike the ALJ decision, *did* consider Plaintiff's Salisbury VAMC records and reached a markedly different conclusion as to the effect of Plaintiff's depression, anxiety, and PTSD. If included in the record, the ALJ would have to give such a decision substantial weight or, in the alternative, provide a detailed explanation as to why the VA decision should not receive such weight. The Court therefore finds it necessary to **VACATE** the ALJ's decision and **REMAND** this matter in accordance to Sentence Four of 42 U.S.C. § 405(g) for further consideration in accordance with this Order.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 12), is **GRANTED**;
2. Defendant's Motion for Summary Judgment, (Doc. No. 14), is **DENIED** and
3. The Clerk of Court is directed to close this case.

Signed: August 20, 2018

Robert J. Conrad, Jr.
United States District Judge

7